UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GABRIEL M. RICH,

                Plaintiff,

v.                                                                          8:24-cv-00255 (AMN/PJE)

AKWESASNE MOHAWK CASINO RESORT,

                Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**GABRIEL M. RICH**
23-B-3674
Greene Correctional Facility
Coxsackie, New York 12051
Plaintiff, *pro se*

**BARR & ASSOCIATES**                         **RUSSELL D. BARR, ESQ.**
125 Mountain Road
Stowe, Vermont 05672
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.**      **INTRODUCTION**

On February 21, 2024, Plaintiff *pro se* Gabriel Rich commenced this action alleging a "tort claim" against Defendant Akwesasne Mohawk Casino Resort related to a casino ticket he purchased that was seized during a traffic stop. *See* Dkt. No. 1. Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On April 1, 2024, prior to the Court's initial review of Plaintiff's Complaint, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). *See* Dkt. No. 6. This matter was referred to Magistrate Judge Christian F. Hummel who, on August 6, 2024, issued an Order and Report-

1

Recommendation (i) granting Plaintiff's IFP request; (ii) declining to consider Defendant's motion to dismiss since an initial review had not yet been conducted when the motion was filed; and (iii) recommending that Plaintiff's Complaint be dismissed without leave to amend. *See* Dkt. No. 15 ("Report-Recommendation"). Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *See* Dkt. No. 15 at 24-25.[1]

Instead of filing objections to the Report-Recommendation, Plaintiff filed a response in opposition to Defendant's procedurally improper motion to dismiss. *See* Dkt. No. 17. On August 27, 2024, the undersigned issued a Text Order advising Plaintiff that his opposition papers, even when liberally construed, did not constitute valid objections to the Report-Recommendation, and *sua sponte* granted Plaintiff an extension of time to file objections to September 20, 2024. *See* Dkt. No. 18. On September 25, 2024, Plaintiff submitted a letter advising the Court that he mislabeled his opposition and requesting that the Court review his opposition papers as a response to the Report-Recommendation. *See* Dkt. No. 20. In response, the Court issued a second Text Order on October 8, 2024, granting Plaintiff one final extension of time to submit proper objections to the Report-Recommendation and advising Plaintiff that if he failed to do so, the Court would consider the response in opposition to Defendant's procedurally improper motion to dismiss to the extent relevant in issuing the instant Order. *See* Dkt. No. 21. On November 7, 2024, Plaintiff filed a document titled "Objections in Response to Report-Recommendation," which is essentially Plaintiff's original opposition, Dkt. No. 17, re-titled. *See* Dkt. No. 22. While it is still an improper

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

means by which to object to the Report-Recommendation, given this Court's October 8, 2024 Text Order, as well as Plaintiff's *pro se* status, the Court will consider Plaintiff's November 7, 2024 submission to the extent any of the arguments made therein are relevant to assessing the Report-Recommendation.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate

review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

The Report-Recommendation recommends that the Complaint be dismissed (1) for lack of subject matter jurisdiction; (2) because Defendant is protected from such a suit under tribal immunity; and (3) because Plaintiff failed to exhaust his tribal court remedies. *See* Report-Recommendation at 7-21. Additionally, the Report-Recommendation recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See id.* at 21-22.

With respect to subject matter jurisdiction, Magistrate Judge Hummel first determined that the Complaint failed to cite any specific federal tort or fraud law under which Plaintiff's allegations could fall and thus failed to properly allege a valid basis for the Court to exercise its federal question jurisdiction. *Id.* at 9. Magistrate Judge Hummel also found that, to the extent that Plaintiff is raising a Fourteenth Amendment claim under 42 U.S.C. § 1983, such claim is not colorable since Fourteenth Amendment claims cannot apply to Defendant, which is a commercial enterprise owned and operated by a federally recognized Indian Tribe. *Id.* at 10-11 (citing *Edwards v. Foxwood Resort Casino*, No. 17-CV-05869, 2019 WL 486077, at *2 (E.D.N.Y. Feb. 7, 2019)). Next, Magistrate Judge Hummel concluded that Plaintiff failed to meet the requirements necessary for diversity jurisdiction even though the Complaint met the amount in controversy requirement

because Indian Tribes cannot sue or be sued in diversity. *Id.* at 13-14 (citing, *inter alia*, *Frazier v. Brophy*, 358 Fed. Appx. 212, 213 (2d Cir. 2009) (summary order)).

With respect to tribal sovereign immunity, Magistrate Judge Hummel concluded that even if the Court could exercise its federal question or diversity jurisdiction over Plaintiff's claims, Defendant would be protected by tribal sovereign immunity since it is a commercial enterprise owned and operated by a federally recognized Indian Tribe. *Id.* at 14-15.

With respect to exhaustion, Magistrate Judge Hummel found that Plaintiff failed to bring his claims before the St. Regis Tribal Court before filing the instant action, instead only filing a police report with the St. Regis Police, precluding review by this Court. *Id.* at 18. Magistrate Judge Hummel additionally found that Plaintiff failed to establish that he was excused from any of the exhaustion requirements. Particularly, while the Complaint appears to establish that Plaintiff is a non-member of the tribe, and that there is no ongoing tribal proceeding or intra-tribal dispute, Plaintiff failed to demonstrate his theory of liability and whether such theory was grounded in federal and state law or tribal law. *See id.* at 19 (citing *Garcia v. Akwesasne Hous. Auth.*, 268 F.3d 76, 83-84 (2d Cir. 2001)). Magistrate Judge Hummel also found that Plaintiff did not sufficiently allege that Defendant was motivated by a desire to harass or otherwise acted in bad faith, did not claim Defendant's actions were patently violative of express jurisdictional prohibitions, and did not establish that exhaustion would have been futile due to a lack of adequate opportunity to challenge the court's jurisdiction. *Id.* at 19-20 (citing *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 856 n.21 (1985)).

Finally, with respect to Plaintiff's associated state law claims, Magistrate Judge Hummel concluded that the Court could not exercise supplemental jurisdiction over such claims given the finding that there are no federal claims properly before the Court. *Id.* at 21.[2]

In his November 7, 2024 submission, Plaintiff largely contends that Defendant failed to sufficiently establish that it is an arm of the St. Regis Indian Tribe entitling it to tribal sovereign immunity. Dkt. No. 21 at 6. However, Plaintiff simultaneously recognizes it is his burden to establish that jurisdiction exists and, in that regard, fails to set forth any facts from which this Court could conclude that Defendant is not an arm of the St. Regis Indian Tribe. *Id.* at 7-8; *see also* Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs, 89 Fed. Reg. 944-02 (Jan. 8, 2024), 2024 WL 68476. Plaintiff also argues that his claims are entitled to diversity jurisdiction because Defendant "operates through another state where they are incorporated and ha[s] a principal place of business in another state," *id.* at 9, but fails to address Magistrate Judge Hummel's finding that tribal entities cannot be sued in diversity as a matter of law. Finally, Plaintiff recites the three exhaustion exceptions outlined in *Nat'l Farmers*, claiming "all three [exceptions] are met," but fails to state how those exceptions are met or otherwise explain how he exhausted his tribal remedies apart from unsupported statements that he submitted letters to certain town courts and the tribal court. *Id.* at 11. Plaintiff does not address any of Magistrate Judge Hummel's other substantive conclusions about the Complaint's jurisdictional deficiencies. To the extent that Plaintiff's remaining arguments constitute specific

---

[2] Given the conclusion that Plaintiff lacks subject matter jurisdiction, the Report-Recommendation also recommends that the Complaint be dismissed without prejudice and without leave to amend since any amendment would be futile because the jurisdictional deficiencies cannot be cured. *See* Report-Recommendation at 22-24.

6

objections, they are unpersuasive and further demonstrate that amendment would be futile. *Petersen*, 2 F. Supp. 3d at 228-29.

Having reviewed the Complaint with the special solicitude afforded to *pro se* plaintiffs, the Court agrees with Magistrate Judge Hummel's assessment of Plaintiff's claims and agrees that it lacks subject matter jurisdiction to hear Plaintiff's case. In sum, the Court agrees with Magistrate Judge Hummel's findings and recommendations for the reasons set forth in the Report-Recommendation. Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: January 24, 2025
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.